UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DENNIS CLARK,

    Plaintiff,

    v.

SHADE TREE SERVICE CO.,

    Defendant.

Case No. 09-cv-528-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Dennis Clark's motion for reconsideration (Doc. 37) of the Court's April 15, 2011, order and judgment (Docs. 35 & 36) granting summary judgment in favor of defendant Shade Tree Service Company ("Shade Tree") on Clark's claim that Shade Tree fired him in retaliation for filing a workers' compensation claim. Shade Tree has responded to the motion (Doc. 38).

**I.    Reconsideration Standard**

The Court considers Clark's motion, filed 28 days after the order and judgment for which it seeks reconsideration, as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). Where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e); motions asserting grounds for relief under Rule 60(b) or later motions will be construed as pursuant to Rule 60(b). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (motions filed within Rule 59(e) period construed based on their substance, not their timing or label); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (considering prior version of Fed. R. Civ. P. 59(e) providing ten-day deadline for motion to alter or amend judgment).

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

## II.     Analysis

In its order granting summary judgment for Shade Tree, the Court found the following facts:

> In the summer of 2007, Clark accidentally cut himself with a chainsaw while at work. He filed a workers' compensation claim, and all his medical bills for that injury were paid. There is no evidence Shade Tree took any adverse action against Clark for filing a claim, although two supervisors had indicated earlier to Clark that Shade Tree did not allow workers who filed workers' compensation claims to return to work.

It relied in part on this evidence to reject Clark's contention that Shade Tree's proffered reason for terminating him later in the year – its concern over workplace safety in light of Clark's syncopal episodes – was a pretext for retaliation for filing a claim for workers' compensation benefits. The Court specifically held that the supervisors' statements were "belied by the fact that Clark was allowed to return to work after filing a workers' compensation claim earlier in the summer."

2

In his motion to alter or amend the judgment, Clark contends the Court made a manifest error of fact in finding he had filed a workers' compensation claim after the chainsaw accident. He contends that he did not, and that the fact that Shade Tree allowed him to return to work after that accident is sufficient evidence to allow a reasonable jury to find his later workers' compensation claim caused his ultimate termination. Clark also asserts the Court failed to consider a statement from Clark's immediate supervisor, Floyd Storm, that he knew of no reason Clark could not return to work if his doctors authorized it without restrictions.

Whether Clark technically filed a claim for workers' compensation benefits after his chainsaw injury is not material to the outcome of this case. It is undisputed that Shade Tree paid for Clark's medical bills from the chainsaw accident because of its obligations under the Workers' Compensation Act, 820 ILCS 305/1 *et seq*., to provide prompt and equitable compensation for Clark's injury. *See Kelsay v. Motorola, Inc.,* 384 N.E.2d 353, 356 (Ill. 1978). The inference that can be drawn from comparing Shade Tree's response to his chainsaw injury and its response to his syncopal episode – even if Clark was not required to file a workers' compensation claim after the chainsaw injury to obtain benefits to which he was entitled under the Workers' Compensation Act – is not sufficient in light of the other evidence in the case to cause a reasonable jury to find Shade Tree's proffered safety reason for terminating Clark was pretextual. Any mistake of fact the Court might have made with respect to the circumstances following the chainsaw injury does not warrant reconsideration of the judgment.

Similarly, Storm's statement that he knew of no reason Clark could not return to work when released by his doctors without restrictions is immaterial to the outcome of this case. It is undisputed that Storm was not the one who decided Clark could not return to work. Thus, although his statement may be evidence that Jeff Baker, the decisionmaker, made a bad decision

when he refused to allow Clark to return to work, it is not evidence he made an unlawful decision. Storm's statement does not justify reconsideration of the Court's prior ruling.

## III. Conclusion

For the foregoing reasons, the Court **DENIES** Clark's motion to alter or amend the judgment (Doc. 37).

**IT IS SO ORDERED.**
**DATED: August 24, 2011**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**